ALEXANDER SNOWMAN *vs.* JACKSON HARFORD and another.

*Decree in equity—who are bound by.*

The rule in equity that whoever takes a deed of real estate, pending a bill in equity in relation to the title thereto, is bound by the decree ultimately made therein, is available in an action at law, after the decree has been carried into effect.

ON REPORT.

TRESPASS *quare clausum.* By agreement of parties the case was submitted to the determination of the presiding justice without the intervention of a jury, the defendants reserving the right to have a single question of law arising in the case determined by the full court. The question is this : Is the rule that "whoever takes a conveyance of real estate, pending a bill in equity in relation to the title thereto, is bound by the decree ultimately made therein," available in an action of law, or is it to be enforced only in equity. This is a suit in which the plaintiff and one of the defendants are the same parties mentioned in 55 Maine, 197, and 57 Maine, 397, which reports state all the facts, upon which this question arises.

Pending a bill in equity brought by Snowman against Harford, to compel a conveyance of real estate, the latter. conveyed the property to Benjamin Saddler, who conveyed to the other defendant ; and subsequently the court decreed that the respondent in equity convey the estate to the complainant.

The presiding judge ruled that the principle of law above quoted was available to the plaintiff in this suit, and decided that the defendants were guilty, as the plaintiff had declared against them, and assessed the damages at twenty-five dollars. If the ruling was correct, judgment is to be rendered for the plaintiff for that amount, and interest from the date of this writ ; otherwise a nonsuit is to be entered.

*Francis Adams*, for the plaintiff.

*Tallman & Larrabee*, for the defendants.

The decree in equity cannot affect the grantee of Saddler, who was himself an innocent purchaser for value, not being party or privy to the equity proceedings; nor make him a trespasser who has bought in good faith and upon full consideration.

DICKERSON, J. Trespass *quare clausum*. Trial by the presiding justice, the defendant reserving the right to have the following question of law determined by the law court: "Is the rule that whoever takes a conveyance of real estate, pending a bill in equity in relation to the title thereto, is bound by the decree ultimately made therein, available in an action of law, or is it to be enforced only in equity?" The presiding justice decided that such rule is available in an action of law, assessing damages for the plaintiff in the sum of twenty-five dollars. To this decision the defendants excepted.

The plaintiff in this writ was plaintiff in *Snowman in equity v. Jackson*, 55 Maine, 197, and 57 Maine, 397, and one of the defendants—Jackson Harford—was sole defendant in both of these cases. In the first writ, this court sustained the bill and granted a decree for conveyance of the premises in fee, free from all incumbrances, for process to enforce the same, and for an injunction against other conveyance and incumbrances during the pendency of the bill. The defendant conveyed the premises, pending the bill in equity, and refused to make the conveyance to the plaintiff, as directed by the decree. Thereupon the plaintiff filed a rule setting forth the facts, and praying for a writ of attachment against the defendant, as in contempt. A writ of attachment was issued, and the defendant offered and alleged in his answer, that he was not in contempt for refusing to make the conveyance to the plaintiff, because it was not in his power to do so, when the decree was issued, having previously conveyed the land to Benjamin Saddler, in pursuance of an agreement with him.

In that case, *Snowman v. Jackson*, cited *ante*, the court held, in accordance with the general current of decisions, that the purchaser, *pendente lite*, is bound by the decree which may be made against the party from whom he takes his title, and that "the conveyance made to Saddler by the defendant, while the bill was pending, was entirely void of effect upon the rights and duties of these parties, and was, in fact, no excuse for the defendant's refusal to obey the decree of the court." The court further add, in that case, that the purchaser, *pendente lite*, need not be made a party to the bill in order to be bound by the decree.

In these two cases equity ascertained, determined, affirmed, and reaffirmed the plaintiff's right to the *locus in quo*. The deed, required to be given by the defendant to the plaintiff under the decree, had been executed and delivered prior to the commencement of the present suit. Equity had thus performed its office, exhausted its powers, and could do no more in respect to that controversy. With a title thus perfected the plaintiff has a plain, adequate and complete remedy at law for any invasion of his property. The proceedings in equity are available at law to show that the deed given by the defendant to Saddler, prior to his deed to the plaintiff under the decree, is void and of no effect between the parties. There is neither reason nor law in invoking equity, to enable a party to enforce his rights thus acquired under an executed decree of a court of equity, as often as these rights should be invaded. It is the office of equity, in such cases, to settle the rights of the parties, and of law to provide the appropriate remedies to secure their enjoyment. Happily, each is competent for its allotted task, and performs its office without infringing upon the prerogatives of the other.

We have examined the authorities cited by the learned counsel for the defence, and find them inapplicable. Those cases arose upon a very different state of facts from the case before us, and have a very remote tendency to support the doctrine of the defence.

The ruling of the presiding justice being sustained, judgment

must be rendered for the plaintiff according to the agreement of the parties. *Judgment for the plaintiff.*

APPLETON, C. J., CUTTING, DANFORTH, VIRGIN and PETERS, JJ., concurred.